UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRAZIER INDUSTRIAL COMPANY,** *Plaintiff,* v. **PPT INDUSTRIAL MACHINES, LLC D/B/A/ PACIFIC PRESS TECHNOLOGIES, RIGHT LANE INDUSTRIES, LLC, AND JOHN DOES 1-10,** *Defendants.* | Civil Action No. 19-cv-19822 (KSH) (CLW) OPINION |

**CATHY L. WALDOR, U.S.M.J.**

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff's motion for reconsideration, (the "Motion," ECF No. 285), of the Court's November 5, 2024 order, (the "Order," ECF No. 283), denying Plaintiff's motion for leave to file a fourth amended complaint.  (ECF No. 238).  In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves Plaintiff's application without oral argument.  Upon careful consideration of the record for this matter and for the reasons stated below, Plaintiff's Motion is **DENIED**.

## II.  BACKGROUND

The Court assumes familiarity with the facts and procedural history underlying this matter – discussed in full in the transcript of the Court's opinion read into the record on November 5, 2024, (the "Opinion," ECF No. 284), in the Order, and during the oral argument

held on October 30, 2024 – and therefore will not recite them at length here. Briefly stated, Plaintiff filed a motion for leave to file a fourth amended complaint on December 21, 2023, (ECF No. 238), requesting to add Eric Mara as a party to the action and add claims against him for aiding and abetting, consumer fraud, alter-ego, and conspiracy, among others. Mara is the CEO of defendant Right Lane. Defendants filed an Opposition, (ECF No. 239), and Plaintiff filed a Reply. (ECF No. 241). The Court then requested additional information from the parties concerning certain arguments, (ECF No. 263), after which the parties filed Supplemental Briefs. (ECF Nos. 267 and 268, respectively).

Following the briefing, the Court heard the arguments of counsel on October 30, 2024 and on November 5, 2024 read its Opinion into the record denying Plaintiff's motion. The corresponding transcript of the Opinion was published on November 8, 2024. On November 19, 2024, Plaintiff filed the Motion at hand, seeking reconsideration of the Order denying Plaintiff leave to file a fourth amended complaint. Defendants filed an Opposition, (ECF No. 289), and Plaintiff filed its Reply. (ECF No. 293).

### III. LEGAL STANDARD

"[R]econsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-cv-3988 (WJM), 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)). Local Civil Rule 7.1(i) requires that the party moving for reconsideration set forth "the matter or controlling decisions which the party believes the Judge has overlooked." Accordingly, there are three grounds for relief on a motion for reconsideration: "'(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'" *Id.* (citing *Database*

*Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "Mere disagreement with the Court's decision does not suffice." *ABS Brokerage Servs., LLC v. Penson Fin. Servs.*, No. 09-cv-4590 (DRD), 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (quoting P. *Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). A party seeking reconsideration thus faces a "high burden." *Id*. at *5.

A motion for reconsideration is "not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Shanahan v. Diocese of Camden*, No. 12-cv-2898 (NLH), 2014 WL 1217859, at *2 (D.N.J. Mar. 21, 2014) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001)) (emphasis removed). Litigants likewise "cannot use a motion for reconsideration to rehash issues and arguments that have been ruled upon." *Kahan v. Slippery Rock Univ. of Pa.*, No. 12-cv-407 (JFC), 2014 WL 7015735, at *32 (W.D. Pa. Dec. 11, 2014) (citing *Keyes v. National R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. Apr. 4, 1991)). Instead, and "as the language of Rule 7.1(i) implies, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." *Shanahan*, 2014 WL 1217859, at *6 (quoting *A & L Indus., Inc. v. P. Cipollini, Inc.*, No. 12-cv-7598 (SRC), 2013 WL 6145766, *1 (D.N.J. Nov. 21, 2013)) (cleaned up).

IV.     **ANALYSIS**

The Court is not persuaded that it committed any clear errors of law or fact to substantiate reconsideration of its denial of Plaintiff's motion for leave to amend the complaint. Plaintiff does not contend that there has been an intervening change of law, nor does it contend that evidence not previously available is now available. Rather, it argues that reconsideration is necessary because

3

the denial was "premised on clear errors of law and fact." (Pl. Motion, ECF No. 285 at 1). Specifically, Plaintiff submits that the Court "failed to consider the delays that plagued the case at inception" and therefore the "appropriate timeline for the [undue delay] analysis should have been December 2022 through December 2023," rather than the five years of the case's pendency. (*Id.*). For the purposes of the undue delay analysis, Plaintiff also argues that the Court mistakenly found that it had a prior opportunity to amend the Complaint between August 2023, when Plaintiff first sought leave to amend, and December 2023, when it renewed its motion for leave to amend. (*Id.* at 3). Plaintiff argues that the Court's decision did not acknowledge Frazier's need to assess the Rule 11 letter filed by Defendants shortly after the August 2023 motion and Mara's deposition testimony, as well as the impact of adding claims against six separate entities. (*Id.* at 4). Finally, Plaintiff argues that the Court's finding of undue prejudice was "was made without a review of the entire procedural posture of this case" and "reward[s] Defendants for their dilatory discovery tactics." (*Id.* at 5, 13).

Plaintiff fails to sufficiently demonstrate that this Court made a clear error of law or fact regarding its findings of undue delay and undue prejudice. First, the Court carefully considered the pleadings in this case, including the procedural history that Plaintiff references in its Motion. In fact, Plaintiff's counsel explicitly laid out much of the lawsuit's procedural history during the oral argument held on October 30, 2024. (*See e.g.*, Tr. of 10/30/24 Hr'g, 4:15-23:8[1]) (Beginning with: "So if I can go through the procedural history with the Court's indulgence so the record is complete…"). Plaintiff contests issues that this Court opined on in its previous Opinion and Order, but litigants "cannot use a motion for reconsideration to rehash issues and arguments that have

---

[1] There was no docket citation available for this transcript at the time the Court issued this opinion.

4

been ruled upon." *Kahan*, 2014 WL 7015735, at *32. While Plaintiff disagrees with the Court's findings that (i) Plaintiff previously had leave to amend the pleadings, (ii) Plaintiff's reasons for not amending sooner were unclear, (iii) filing the fourth amended complaint would prejudice Defendants, and (iv) amendment would alter the case (i.e., it is likely that the proposed amendment would lead to additional discovery, cost, and preparation to defend against the new facts or theories), disagreement does not indicate the Court made a clear error warranting reconsideration.

Second, Plaintiff's Motion raises certain arguments not included in its initial motion or discussed at oral argument. For example, Plaintiff submits that the Court failed to acknowledge that Frazier withdrew its initial motion for leave to amend to consider a Rule 11 letter received from Defendants on October 11, 2023. (Pl. Motion, ECF No. 285-1 at 3). However, during oral argument Plaintiff's counsel said that she did not want to address the Rule 11 issue raised by defense counsel and that it was "irrelevant." (Tr. of 10/30/24 Hr'g, 36:7-10). In addition, Plaintiff suggests that the Court committed error by not considering certain outstanding procedural issues, such as the completion of expert discovery and Defendants' pending motion to dismiss (which the Court directed Defendants to hold in abeyance pending resolution of Plaintiff's motion for leave to amend). (Pl. Motion, ECF No. 285-1 at 14-15). Finally, Plaintiff argues that it is prejudiced because Right Lane has not filed an Answer to the Third Amended Complaint and that the Court "abused its discretion when it failed to consider this unresolved procedural issue when evaluating undue prejudice." (*Id.*; Pl. Reply, ECF No. 293 at 3). However, a motion for reconsideration is "not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Shanahan*, 2014 WL 1217859, at *2. As Plaintiff did not raise these points in connection with the briefing or oral argument for the underlying motion, they do not present viable bases for seeking reconsideration. *See id*. at *2-3.

5

Plaintiff has not identified a change in controlling law regarding motions to amend, uncovered new evidence, or established that reconsideration is necessary to "prevent manifest injustice." *ABS Brokerage*, 2010 WL 3257992, at \*6. Rather, Plaintiff disagrees with the Court's decision to deny it leave to file a fourth amended complaint, and also raises new issues to suggest the denial warrants reconsideration. Neither ground meets the "high burden" necessary to justify reconsideration. *Id.* at \*5-6. Accordingly, the Court must deny Plaintiff's motion.[2]

## V. CONCLUSION

For the reasons described herein, Plaintiff has failed to establish any clear error of law or fact and has not shown that reconsideration is necessary to prevent manifest injustice. Accordingly, Plaintiff's motion for reconsideration is **DENIED**. An appropriate order follows.

Dated: January 7, 2025

                                            *s/ Cathy L. Waldor*
                                            **Hon. Cathy L. Waldor, U.S.M.J.**

cc: Hon. Katharine S. Hayden, U.S.D.J.

---

[2] As the Court has denied Plaintiff's motion for reconsideration as described herein, it makes no findings on Defendants' argument that Plaintiff's counsel's declaration violates Local Civil Rule 7.2(a). (Def. Opp, ECF No. 289 at 14-15).